UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK WAYNE FREEMAN,

    Plaintiff,                                               Civil Action No. 14-CV-11146

vs.                                                         HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        This matter is presently before the Court on cross motions for summary judgment [docket entries 12, 13]. Magistrate Judge Charles E. Binder has submitted a Report and Recommendation ("R&R") in which he recommends that plaintiff's motion be denied and that defendant's motion be granted. Plaintiff has filed objections to the R&R and defendant has responded to plaintiff's objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo those portions of the R&R to which any party makes proper, timely objections.

        Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge a final decision denying his application for Supplemental Security Income. Defendant, by decision of an Administrative Law Judge ("ALJ") in December 2011, found that plaintiff is not disabled because he can perform a limited range of light-level work. In January 2013 the Appeals Council remanded the matter for further consideration. In September 2013 another ALJ found that plaintiff could perform a limited range of light-level work through the end of 2012, but that he has been disabled since January 2013 when his problems with pain, muscle weakness, and balance worsened. The Appeals Council declined plaintiff's request to review that decision.

Under § 405(g) the issue is whether the ALJ's decision, which represents defendant's final decision in this matter, is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination the Court does not review the matter de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014). The specific issue in this case is whether substantial evidence supports the ALJ's decision that plaintiff first became disabled in January 2013. Plaintiff claims he became disabled approximately five years earlier, in May 2008. Thus, the issue is whether substantial evidence supports defendant's decision that plaintiff was not disabled until January 2013.

The medical evidence in this case has been completely summarized in the ALJ's decision, the parties' briefs, and the magistrate judge's R&R. In short, over the years plaintiff has had a number of physical and mental problems, including neck pain, back pain, transient ischemic attack, balance difficulties, numbness in his shoulders and legs, muscle weakness, diabetes, anxiety, tobacco and alcohol abuse, hypertension, mild obesity, and "eye droop." He is also functionally illiterate. In his September 2013 decision, the ALJ found that plaintiff's severe impairments are "post-cervical spine fusions, cervical spine myelopathy, a history of a transient ischemic attack, and diabetes" (Tr. 21). Plaintiff's other impairments were found to be non-severe (Tr. 22). The ALJ found that through the end of December 2012 plaintiff had the residual functional capacity to perform a limited range of light-level work, but that beginning in January 2013 his symptoms

worsened and his need to use a cane became manifest. At that point in time plaintiff could perform only a limited range of sedentary work, and the medical-vocational guidelines directed a finding of "disabled" in his case.

The magistrate judge correctly concluded that substantial evidence supports the ALJ's decision. In support of his decision that plaintiff was able to engage in a limited range of light-level work[1] through the end of 2012, the ALJ pointed to evidence in the record indicating that plaintiff's neck pain, following spinal fusions in June 2008 and September 2012, was controlled; that plaintiff was able to walk one mile in November 2012, contradicting plaintiff's testimony that his ability to walk was severely limited; that plaintiff has a good attention span, contradicting plaintiff's testimony that his medications cause drowsiness; and that plaintiff engaged in various activities in 2011, including cutting his lawn, working as a handyman, and using public transportation, contradicting plaintiff's testimony that he was disabled during this time frame by chronic pain (Tr. 23-24). The ALJ also pointed to medical evidence from July 2010, September 2011, and September 2012 indicating that plaintiff had no neck pain and no difficulty walking (Tr. 24-25). A physician who examined plaintiff in July 2010 found specifically that plaintiff could work eight hours per day and lift at least 10-15 pounds (Tr. 25, 430).

On this record, the ALJ reasonably concluded that plaintiff was able to perform a

---

[1] The ALJ found that plaintiff's ability to perform the full range of light-level work was reduced by his need for a sit/stand option, his limited ability to push and pull, the limited flexion in his neck, his limited ability to perform gross manipulative tasks with his left hand, his inability to reach overhead with his left arm, and his limited ability to do such things as stoop, balance, kneel, crouch, crawl, climb ramps and stairs (Tr. 23). The ALJ also found that in terms of reading, writing, and arithmetic skills plaintiff functions at a third-grade level and that he cannot do work involving complex written or verbal communication. *Id.* A vocational expert testified to the existence of thousands of jobs in the local and national economy which a person with such limitations could perform (Tr. 27).

limited range of light-level work. The change that occurred in early 2013 was new medical evidence showing that plaintiff's symptoms had worsened. As the ALJ explained:

> [B]eginning on January 3, 2013, the claimant's allegations regarding his symptoms and limitations are more credible. In early 2013 in Exhibit 23F University Health Center stated that the claimant drags his left leg when he walks. That exhibit further states that there is cervical spine myelopathy. A recent CT scan in Exhibit 24F showed osteophytes at multiple levels in the cervical spine and straightening of the spine. The straightening of the spine could be secondary to muscle spasm, per Exhibit 24F. Recent reports in Exhibit 20F reveal a sensory loss in the left arm and left leg. The claimant was complaining of neck pain in January 2013 in Exhibit 20F. Although the claimant initially improved after the second cervical spine fusion, the aforementioned evidence discloses that the improvement was of short duration and that by early 2013, the claimant was more severely impaired.

(Tr. 26.)

Plaintiff's objections repeat arguments he presented in his summary judgment motion. Plaintiff argues, among other things, that because of his various limitations the ALJ should have found him to be disabled earlier than January 2013; that the ALJ could have developed the record further by ordering consultative examinations; and that he need not be "completely helpless or bedridden to fall within the purview of the Social Security Act." The Court rejects these objections because it is plaintiff's burden to prove he is entitled to benefits, and the ALJ has no duty to further develop a record which, as here, is already well developed – particularly when, as here, plaintiff is represented by counsel. *See, e.g., Forrest v. Comm'r of Soc. Sec.*, 2014 WL 6185309, at **3-4 (6th Cir. Nov. 17, 2014); *Smith v. Comm'r of Soc. Sec.*, 473 F. App'x 443, 445 (6th Cir. 2012). This case has a voluminous record, with over 1,000 pages of medical records, hearing transcripts, and other evidence. The evidence is such that reasonable fact-finders could reach different conclusions about whether plaintiff is disabled and, if so, when the disability commenced.

4

The ALJ's determination that plaintiff was disabled as of January 3, 2013, but not before, is substantially supported by the evidence. Accordingly,

IT IS ORDERED that Magistrate Judge Binder's R&R is hereby accepted and adopted as the findings and conclusions of the Court. Plaintiff's objections to the R&R are overruled.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

                                                    _s/ Bernard A. Friedman_____
                                                    BERNARD A. FRIEDMAN
                                                    SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 29, 2015
       Detroit, Michigan